IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA COWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-157-TCK-JFJ |
| | ) |
| WALGREEN CO., an Illinois corporation, | ) |
| d/b/a WALGREENS DRUGSTORE NO. 15751, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

Before the Court is the Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the defendant, Walgreen Co., an Illinois corporation, d/b/a Walgreens Drugstore No. 15751 ("Walgreens") (Doc. 14). Plaintiff Rebecca Cowen ("Plaintiff") filed a Response (Doc. 16), and Walgreens filed a Reply. (Doc. 17).

**I. MOTION TO DISMISS STANDARD**

A Complaint must contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint must contain enough "factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). The trial court must insist the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe [the] plaintiff has a reasonable likelihood of mustering factual support for [the] claims." *Id.* at 1247.

"The nature and specificity of the allegations required to state a plausible claim will vary based on the context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). A plaintiff is not entitled to file a bare bones complaint and fill in the necessary facts after discovery is complete. *London v. Beaty*, 612 Fed. Appx. 910, 916 (10th Cir. 2015). The trial court must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins*, 519 F.3d at 1249.

In ruling on a motion to dismiss, the court must always accept the plaintiff's well-pleaded facts as true and construe them in the light most favorable to the plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008); *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014). Under this standard, a complaint may not be dismissed on the grounds that the court thinks it unlikely that the allegations can be proven. *Twombly*, 127 S.Ct. at 1974; *Spradlin v. City of Owasso*, 2014 WL 1664974 *2 (N.D.Okla.) (holding that "a well-pleaded complaint may proceed even if actual proof of those facts seems improbable, and that a recovery is very remote and unlikely"). Indeed, "it is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief." *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff alleges that on September 20, 2021, she sought a flu vaccination from a Walgreens store in Bartlesville, Oklahoma. However, instead of receiving a flu vaccination, a Walgreens employee administered a Moderna COVID-19 vaccination to Plaintiff without her knowledge or

consent. Plaintiff's Petition asserts state law claims for negligence and vicarious liability against Walgreens. Plaintiff seeks actual damages exceeding $75,000, along with punitive damages.

Walgreens contends Plaintiff's claims are barred as a matter of law by the immunity provided under the Public Readiness and Emergency Preparedness Act ("PREP Act"). The PREP Act immunizes entities providing countermeasures to the COVID-19 pandemic. The distribution and administration of the Moderna COVID-19 vaccine is defined as a protected countermeasure. The PREP Act preempts all state law causes of action against covered entities, with the sole exception to immunity being a federal cause of action for death or serious physical injury proximately caused by willful misconduct of the defendant. Plaintiff alleges neither death, serious physical injury, nor willful misconduct by Walgreens. Therefore, Walgreens claims it is entitled to dismissal of Plaintiff's claims due to preemption.

### III. ANALYSIS

The PREP Act provides liability protections for persons who administer pandemic countermeasures. *See* 42 U.S.C. § 247 d-6d. The Act's immunity provision states:

> [A] covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [of a public health emergency] has been issued [by the Secretary] with respect to such countermeasure.

§§ 247d-6d(a)(1), 247d-6d(b).

The scope of this immunity "applies to *any* claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal

relationship with the ... distribution, ... dispensing, ... administration, ... or use of such countermeasure." § 247d-6d(a)(2)(B) (emphasis added).[1]

Defendant argues that it is immune from suit under the PREP Act because Plaintiff's claims relate directly to Defendant's use and administration of a covered countermeasure—the COVID-19 vaccine Plaintiff received. Plaintiff contends, however, that her claims should be construed more broadly because her injury could have happened whether she received a COVID-19 vaccine or any other vaccine. After reviewing the relevant law, the Court is compelled to agree with Defendant. As explained in the statute and below, Plaintiff's remedy for her alleged injuries following her COVID-19 vaccination is through the Countermeasures Injury Compensation Program ("CICP").[2]

A court analyzing the meaning of a statute or regulation should first look at its "plain and unambiguous meaning," and if the language is clear, the analysis ends. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by

---

[1] The PREP Act provides an exception to immunity for "willful misconduct." *See* §§ 247-d-6d(d0(1); 247d-6d(c)(1)(A). Here, Plaintiff has not pleaded facts to support allegations of willful misconduct; thus, the exception has no relevance to the Court's analysis. *See* § 247d-6d(c)(1). Moreover, if she had pleaded willful misconduct, such a claim must be brought in the U.S. District Court for the District of Columbia, and exhaustion under the procedures applicable to the Covered Countermeasure Process Fund is a prerequisite. *See* §§ 247d-6d(e )(1), 247-6e(d)(1).

[2] The PREP Act also created a "Covered Countermeasure Process Fund," "for purposes of providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration." § 247d-6e(a). The Health Resources and Services Administration ("HRSA") administers the program. *See Countermeasures Injury Compensation Program (CICP)* (Nov. 2020), https://www.hrsa.gov/cicp. There is no judicial review of the agency's actions; the process is purely administrative. § 247d-6e(b)(5)(C).

reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id*. at 341.

In the PREP Act, Congress plainly provided immunity under both federal and state law with respect "to *all* claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if the HHS Secretary issues a declaration." *See* 42 U.S.C. § 247d-6d(a)(1). In March 2020, the Secretary issued a declaration regarding the COVID-19 pandemic under the PREP Act. *See,* Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198-01 (March 10, 2020) ('the Declaration").[3] Further, COVID-19 vaccinations are covered countermeasures.

Plaintiff's Complaint alleges that she went to Walgreens for a flu vaccination, and instead received a COVID-19 vaccination. This chain of events cannot be separated from the administration of a covered countermeasure—the COVID-19 vaccine she received. Plaintiff argues that because her injuries *could have* resulted from any vaccination or other medical procedure at Walgreens, the Court should find the PREP Act not applicable. While it is true that

---

[3] The Declaration itself explains:

[T]he Act precludes a liability claim relating to the management and operation of a countermeasure distribution program or site, such as a slip-and-fall injury or vehicle collision by a recipient receiving a countermeasure at a retail store serving as an administration or dispensing location that alleges, for example, lax security or chaotic crowd control. However, a liability claim alleging an injury occurring at the site that was not directly related to the countermeasure activities is not covered, such as a slip and fall with no direct connection to the countermeasure's administration or use. In each case, whether immunity is applicable will depend on the particular facts and circumstances.

other vaccinations or procedures might have also been administered, this does not change the fact that Plaintiff's injuries actually resulted from administration of the COVID-19 vaccine. The PREP Act therefore applies. *See* § 247d-6d(a)(1) ("[A] covered person shall be immune from suit and liability under Federal *and* State law with respect to *all claims* for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure.") (emphasis added). Plaintiff provided no caselaw to support the it-could-have-been-a-different-vaccine argument, or to show that the PREP Act did not apply in a factually similar case. In its own research, the Court found none. Because Plaintiff's claims flow directly from the administration of a qualified countermeasure, there is no plausible way that amendment would alter the outcome.

      Accordingly, Defendant's Motion to Dismiss (Doc. 14) is granted.

      **IT IS SO ORDERED this 13th day of December, 2022.**

TERENCE C. KERN
United States District Judge